# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CURTISS GRAVES,**
        **Plaintiff,**

     **v.**                                                Case No. 11-CV-01060

**BROOKFIELD SUITES HOTEL**
**& CONVENTION CENTER,**
        **Defendant.**

## DECISION AND ORDER

Pro se plaintiff Curtiss Graves is suing defendant Brookfield Suites Hotel and Convention Center for wrongful termination. Plaintiff seeks relief under several federal statutes, including Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*, the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* Before me now is defendant's motion to dismiss.

The facts alleged in the complaint are simple: Plaintiff was employed by defendant as a maintenance repair worker. On March 23, 2009, he called in sick because his leg was bothering him. He had ongoing problems with his leg, and defendant was aware of those problems. Some time after calling in sick, he came into work to deliver a note from his doctor explaining his absence. At that time, he was told that he had been terminated because defendant falsely claimed he had failed to call in to report his illness.

Defendant moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must state a plausible claim for relief that permits "the reasonable inference that defendant is liable for the injury alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing defendant's motion, I take all of plaintiff's allegations as true, and, because plaintiff is proceeding pro se, I give the complaint a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

First, I dismiss plaintiff's claims for race discrimination under Title VII, for age discrimination under the ADEA, and for discrimination based on the disclosure of genetic information under GINA. Plaintiff's complaint does not describe his race, his age or any genetic information about him that was disclosed to defendant, and it does not describe any adverse employment actions that were taken against him on account of any of these characteristics. Therefore, these claims are without merit.

Second, I dismiss plaintiff's claim under the ADA because he fails to plausibly allege that he is disabled. To bring a claim under the ADA, a person must either be disabled or be perceived to be disabled. A disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). While plaintiff alleges that he had "hurt [his] leg" and that he was "under medical care" at the time he was fired, these allegations are not sufficient to establish that he has a disability. The complaint does not describe how severe the injury to his leg was or how long the injury lasted. Moreover, the complaint does not provide any evidence, either direct or indirect, that plaintiff was terminated on account of the injury to his leg. As a result, the complaint does not state a claim under the ADA.

2

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss [DOCKET #10] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of September 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge